UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, individually, and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALAN BLAKE, LYNNE EASON, STEVE HOLLINGER, JON ROSENBOOM, LINDA MEADE and MARTY BELLEW-SMITH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 4:06CV00993 ERW<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff has also moved for appointment of counsel [Doc. 3].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint[1]

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), seeks monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Alan Blake (Director, MSOTC), Lynne Eason (MSOTC caseworker), Steven Hollinger (MSOTC aide), Jon Rosenboom (medical doctor), Linda Meade (MSOTC employee) and Marty Bellew-Smith (MSOTC facility director).

Plaintiff alleges that defendants have violated his constitutional and statutory rights by imposing punishment on him. Specifically, plaintiff alleges that 1) he was deprived of due process when he was forced to sit in a corner for thirty days for violation of an unspecified rule; 2) he was confined in the adjustment unit for a period in excess of ten days on disciplinary grounds; 3) canteen privileges were withdrawn after being written up for a violation; 4) his jar of coffee was taken away; and 5) he cannot call his friends or family.

### Discussion

**A.  Claim barred by res judicata**

Plaintiff alleges that defendants Hollinger and Eason violated the statute prohibiting the confinement of an inmate in the adjustment unit for a period in excess of ten days on disciplinary grounds. Plaintiff's allegation is based on V.A.M.S. § 217.375, which, as the Court has previously noted, was amended in 1989 and the ten-day limitation rescinded.

---

[1]The Court notes that plaintiff seeks to maintain this lawsuit as a class action in which he is the class representative. *See* Fed. R. Civ. P. 23. Because the Court will dismiss this action prior to service of process, the issue of class certification is moot.

*See Coffman v. Blake*, 4:05-cv-997-AGF (E.D. Mo.). Therefore, this claim must be dismissed because the Court has previously considered an identical claim and dismissed it as frivolous. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims).

### B. Conditions of confinement claims

As to all other issues raised by plaintiff, he has failed to allege how the named defendants are directly involved in or personally responsible for the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 3] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 25th Day of July, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**